UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DUBOSE | ) | |
| Plaintiff, | ) | No. |
| v. | ) | Jury Demanded |
| WALMART, INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Christopher DuBose ("Plaintiff"), by and through his undersigned counsel, and for a cause of action against Defendant, Walmart, Inc. ("Defendant" or "Walmart"), alleges as follows:

## INTRODUCTION

1. Plaintiff is alleging that Defendant discriminated against him on the basis of his race in the hiring process for the position of an Operations Manager in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981(a).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the violation of Plaintiff's civil rights under Title VII of Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*

3. Venue is proper in this judicial district under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in the Northern District of Illinois.

## PARTIES

4. Plaintiff is a resident of the Northern District of Illinois, who applied for an Operations Manager position at Walmart.

5. Defendant is a retailer of general lines of apparel with multiple store and distribution center locations in the State of Illinois. Defendant employs more than 50 employees. At all relevant times herein, Defendant was a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

## PROCEDURAL REQUIREMENTS

6. Prior to the filing of this complaint, on or about April 30, 2019, Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") for race discrimination, satisfying the requirements of 42 U.S.C. §2000e-5(b) and (e).

7. Plaintiff's Charge of Discrimination was timely filed within three hundred (300) days after the alleged unlawful employment practice occurred.

8. Thereafter, on January 25, 2023, the EEOC issued Plaintiff his Notice of Right-to-Sue letter with respect to such Charge, *a copy of which is attached hereto as Exhibit A*.

9. This Complaint has been filed less than ninety (90) days after Plaintiff's receipt of his Notice of Right-to-Sue letter.

## FACTUAL ALLEGATIONS

10. In January 2019, Plaintiff learned that his then-employer, the Schneider Logistics Company, was terminating its contract with Defendant for the operations of the Illinois Distribution Center in Elmwood, IL.

11. In or about January 2019, the Schneider Logistics Company's employees working at Defendant's distribution center in Elmwood, IL, were informed by Assistant General

Manager Scott Mader and General Manager Leonard Witt that they would need to apply for positions with Defendant to continue working at the distribution center.

12. Plaintiff and other contractors at the distribution center were assured that Defendant was planning to hire every person working at the Distribution Center who wished to continue working there.

13. When Plaintiff informed Assistant General Manager and General Manager that he would need more time to update his resume, they assured him that he should not worry about this.

14. Plaintiff applied for the Operations Manager position with Defendant on or about January 31, 2019.

15. The opening listed the following minimum qualifications: a Bachelor's degree in a related field, one (1) year experience in work environment that blended operations, distributions, logistics, and retail tasks; or one (1) year experience as a Walmart Logistics Area or Operations Manager; or three (3) years' experience as a Walmart Logistics Manager.

16. The opening listed the following preferred qualifications: one (1) year experience managing budgets, managing profits and losses, developing manpower forecasts, and analyzing financial and operational data; one (1) year experience with word processing applications; one (1) year experience working with Walmart logistics applications; two (2) years' experience as a Walmart Logistics manager; and both a Bachelor's degree in a related field and three (3) years in a logistics environment.

17. Plaintiff holds both a Bachelor of Science in Finance and a Master of Business Administration degree. Moreover, he has over twenty (20) years of experience working in logistics-related positions, as an Operations Manager for The Tribune Company, Home Depot, and Schneider Logistics (serving Defendant).

18. The abovementioned experience and positions held by Plaintiff indicate that he met or exceeded all of the requirements for the position of an Operations Manager for a distribution center owned by Defendant.

19. On or about March 21, 2019, Plaintiff was told by his co-worker that, despite the earlier assurance, Defendant would hire only seven (7) Operation Managers.

20. Defendant's discriminatory attitude was demonstrated already at the initial stages of the hiring process.

21. In or about the middle of February 2019, Assistant General Manager Mader contacted Plaintiff to schedule an in-person interview on the same day.

22. Defendant demonstrated a lack of respect toward Plaintiff that Plaintiff believes other candidates did not experience, when the interview planned ad hoc had to be rescheduled twice – not only was it postponed to the next day, but also, later, reorganized from an in-person interview to a remote one via Zoom.

23. Defendant's discriminatory attitude was further demonstrated by conducting an interview for solely twenty (20) minutes without questions specifically related to the position of an Operations Manager, thus hindering Plaintiff's ability to elaborate, or even mention, his logistics operations management experience.

24. In or about early March 2019, Plaintiff was informed that he would not be considered for the position due to other candidates' better performance during interviews and was encouraged by Assistant General Manager Mader to apply for an Area Manager position – a less desirable in terms of pay, benefits, responsibilities, and furtherance of career goals position.

25. At no point during the hiring process did Defendant indicate that the reason for denial of the application was Plaintiff's lesser experience in logistics.

26. To Plaintiff's best knowledge, Defendant hired predominantly Caucasian candidates.

27. To Plaintiff's best knowledge, all of the other candidates were given an in-person interview.

28. To Plaintiff's best knowledge, among successful candidates who had lesser job-related experience and/or lower level of education and/or worked at the distribution center for a shorter period of time than Plaintiff were Alicia Novotny, Jeff Verhoff, Loren Holland, Bob Geerling, Mike Lempke, and then-Transportation Manager Patrick. All of them are Caucasian.

## COUNT I

### Discrimination in hiring on the basis of race in violation of Title VII.

29. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

30. Plaintiff is a member of a protected class. He is African American.

31. Plaintiff met or exceeded all of the requirements for the position of Operations Manager at Walmart.

32. Plaintiff was discriminated against based on his race during the hiring process for an Operations Manager position at one of the distribution centers operated and administered by Defendant.

33. Defendant treated Plaintiff less favorably than Caucasian candidates during the hiring process, rejected his application, and produced inconsistent reasons for the rejection.

34. Defendant discriminated against Plaintiff on the basis of race in violation of section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

## COUNT II

### Racial discrimination in violation of 42 U.S.C. § 1981.

35. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

36. Plaintiff is a member of a protected class. He is African American.

37. Plaintiff met or exceeded all of the requirements for the position of Operations Manager at Walmart.

38. Plaintiff was discriminated against based on his race during the hiring process for an Operations Manager position at one of the distribution centers operated and administered by Defendant.

39. Defendant intentionally discriminated against Plaintiff by treating him less favorably than Caucasian candidates during the hiring process, rejected his application, and produced inconsistent reasons for the rejection.

40. Defendant's discrimination of Plaintiff based on his race hindered Plaintiff's right to make and enforce contract.

41. Defendant discriminated against Plaintiff on the basis of race in violation of 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christopher DuBose prays that this Court grant the following relief:

A. Advance this case on the docket, order a speedy hearing or trial at the earliest practical date, and cause this case to be expedited in every possible way;

B. Grant judgment in favor of Plaintiff and against Defendant for compensatory damages for emotional pain, suffering, and psychological injury as authorized by Title VII;

C. Award Plaintiff punitive damages for Defendant's willful and wanton misconduct;

D. Award Plaintiff his costs of litigation, including witness fees and reasonable attorney's fees incurred in connection with this action pursuant to 42 U.S.C. § 2000e-5(k);

E. Grant Plaintiff such further and additional relief as this Court deems just and appropriate.

Dated: February 20, 2023

/s/ Joshua N. Karmel

Joshua N. Karmel
ARDC # 6208369
The Law Offices of Joshua N. Karmel
jklaw1226@gmail.com
5 Revere Dr., Suite 200
Northbrook, IL 60062
(847) 282-4942

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Chris Dubose**
c/o Mark Birhanu, Esq.
RAISE THE FLOOR ALLIANCE
1 North Lasalle Street, Suite 1275
Chicago, IL 60602

From: **Chicago District Office**
230 S Dearborn Street
Chicago, IL 60604

EEOC Charge No.
**440-2019-04432**

EEOC Representative
**KATARZYNA HAMMOND,**
Investigator

Telephone No.
312-872-9703

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- More than 180 days have passed since the filing of this charge.
- The EEOC will continue to process this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Julianne Bowman
1/25/2023
**Julianne Bowman**
**District Director**

Enclosures(s)

cc: **Walmart**

Exhibit A